JESSE C. ROBERSON, EX'R *v.* ELIZA C. ROBERSON *et al.*

CHANCERY PRACTICE AND PLEADINGS. *Administration. Receiver. Supersedeas.* An order of a Chancellor, made in the progress of a cause, involving the administration of an insolvent estate, appointing a receiver to take the assets out of the executor's hands upon it being made to appear to the Chancellor, that the assets are in danger of being lost or wasted, is within the power of the Chancellor and cannot be superseded by this court, under section 3933 of the Code.

---

FROM SEQUATCHIE.

---

MOTION TO DISCHARGE SUPERSEDEAS.

DEWITT & SHEPHARD for complainant.

HYDE & BROWN, SPEARS & SPEARS, KEY & RICHMOND and S. J. A. FRAZIER for defendants.

McFARLAND, J., delivered the opinion of the court.

The complainant, as the executor of the will of Samuel W. Roberson, deceased, filed his bill for a construction of the will and the settlement of the estate in the Chancery Court as an insolvent estate, making the legatees and creditors parties. An order was made appointing complainant also receiver of the rents of the real estate. The bill was filed September 6, 1878. At the March term, 1879, a number of the creditors and legatees appeared and moved the court for the appointment of a receiver to take charge of all the assets of the estate, upon the ground " that the executor had been guilty of habitual drunkenness;" "that

Roberson *v.* Roberson.

he was wasting the assets of the estate;" "that he had converted a considerable portion of the estate to his own use;" had sold the property for less than he might have obtained for it; had bid at his own sale; sold property without requiring payment or note; that he had been paying out the assets to creditors since the suggestion of insolvency. The motion was thereupon heard, and the decree shows that it appeared to the court from the affidavits of certain persons named, which were on file, and from the record, that said executor had violated his trust and was jeopardizing the property and funds of the estate, the motion was therefore sustained and a receiver appointed, and the executor enjoined from further acting, except to pay a certain specified sum to the widow, and he was ordered within twenty days to turn over the assets to the receiver, who was authorized to act, upon giving bond with surety.

Within the twenty days said executor presented his petition, accompanied by a transcript of the record, (which, however, does not purport to be complete), to one of the judges of this court, and obtained his fiat for a *supersedeas,* which was issued, superseding the above order of the Chancellor. The motion is now made to discharge the *supersedeas.* Our recent holdings have been that the power given to this court and its judges by section 3933 of the Code, to supersede the orders and decrees of inferior courts, does not authorize us to supervise the discretion of a Chancellor in the exercise of a conceded power for the protection of property *pendente lite. Bramly* v. *Tyre,* 1 Lea, 531.

The power conferred on the court by the statute is to supersede such interlocutory orders and decrees, or execution thereon, "as in case of a final decree," that is, such orders and decrees as it would supersede upon granting a writ of error upon a final decree. The orders and decrees which would be superseded are such as adjudicate rights and admit of active execution. The appointment of a receiver is ordinarily in the nature of granting extraordinary process, for it neither settles or prejudices rights, and is only resorted to for the purpose of preserving the property pending the litigation, for the benefit of the successful party. *Baird* v. *Turnpike Co.*, 1 Lea, 394. "It might be otherwise," says Judge Cooper in the case last referred to, "if the appointment was not within the competency of the court, as when the contest is over the legal title to land or does not extend to the rents, for then it would affect possession, which is itself a right;" referring to *Richmond* v. *Yates*, 3 Baxter, 204; *Munford* v. *Hanner*, 3 Baxter, 391, and *State* v. *Allen*, 1 Tenn. Ch., 512, as of the latter class. See also in accord with *Bramly* v. *Tyre*, and *Baird* v. *Turnpike Co.*, the case of *Hamilton* v. *Wynne*, 2 Vol. Legal Reporter, 287. So it is manifest that the question here is, whether the appointment of the receiver made by the Chancellor was within his competency or power. It is argued on behalf of the complainant, that the order virtually removed him from his office of executor, and this could only be done upon a bill filed for the purpose, making the direct charge of mismanagement and breach of trust and giving him the opportunity to an-

swer and defend. A suit or proceeding in the Chancery Court for the administration of an insolvent estate, is conducted upon equitable principles, as a creditor's bill against a trustee is conducted, according to the rules and principles governing a court of equity. Code, section 2363.

In a creditor's bill against a trustee, the court in the exercise of its inherent power, would have the undoubted right to make all such orders and grant such extraordinary process as might be necessary to preserve the trust property for the benefit of creditors, and such powers as to appointing receivers, etc., are also conferred by the Code, sections 3766, 3948.

There can be no question that upon a bill filed for the purpose, making the proper averments, the Chancellor would have the power at once to appoint a receiver and take the assets out of the hands of an administrator or other trustee, in advance of a hearing of the cause; such orders are made as injunctions and other extraordinary process are granted, and it is no objection to the existence of the power that it is exercised upon an *ex parte* hearing.

Upon filing the bill containing the proper averments, the complainant submitted himself and the assets of the estate to the jurisdiction of the court, and the court thereby acquired the power to make all such orders and decrees in respect to the assets or the action of the complainant himself, as might become necessary to preserve the assets and carry into effect the jurisdiction acquired. Upon discovering that the complainant was rapidly wasting the assets of the estate,

Roberson *v.* Roberson.

it was not necessary to file a new bill for the purpose of removing him, and suspend further proceedings as to the administration of the estate to await the determination of this collateral question as to the right of the complainant to continue to act as executor. Such a course would unnecessarily embarrass and delay the administration of estates.

Is is alleged in the petition for *supersedeas*, that complainant was absent from court at the time the order was made, and he can disprove or explain the charges made against him. If so, the entire matter being at all times within the control of the Chancellor, he can, upon being satisfied in regard to the facts, discharge the receiver and restore the assets to the hands of the complainant, if he deem it proper to do so. We are of opinion that the order in question was within the power of the Chancellor, and that we cannot revise his action or supersede its enforcement. If we were even to undertake to revise his discretion in this case, and could look to the affidavits on file as part of the record, we see that his order was fully authorized, as the affidavits show most wanton and reckless breaches of trust and appropriation of the assets by the complainant; and we should not be disposed to embarrass the action of the court below in administering summary relief against such conduct.

The *supersedeas* will be discharged, and the petition dismissed at petitioner's cost.